**BANK OF MONTGOMERY v. CALHOUN (CALHOUN, Intervener).***

No. 4469.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1933.

Joel L. Fletcher, of Colfax, for appellants.

Jno. A. & James H. Williams, of Colfax, for appellee.

MILLS, J.

This is a foreclosure suit, via ordinaria, on a note for $1,000, dated June 17, 1918, due ten months after date, signed by defendant, and secured by mortgage on certain property in Grant parish, La. Judgment is also asked on an $80 interest note.

To this action defendant filed exceptions to the citation, an exception that we can construe only as one of vagueness; to the correctness of the copy of the petition served upon him; of no cause of action; all of which were overruled. He then pleaded the prescription of one, three, five, and ten years in bar of plaintiff's action, which also was overruled. He finally answered in the form of a general denial.

C. Daun Calhoun intervened, alleging that he is the son of defendant C. W. Calhoun, and his wife, Odelia McManus Calhoun; that Odelia Calhoun died intestate in 1926; that the property covered by plaintiff's mortgage belonged to the community of his father and mother; that the $1,000 note sued on is prescribed by the prescription of three, five, and ten years; that he has a one-seventh interest in a judgment for $1,800 in favor of himself and the six other children of his mother, and against his father, for paraphernal funds expended for the benefit of the community, which judgment was signed May 5, 1932, and grants a legal mortgage on all the real property of C. W. Calhoun, from January 5, 1921; that after the death of his wife, C. W. Calhoun had no right to make, renew, or acknowledge any debt, or to waive prescription to the prejudice of her heirs. Intervener does not pray for any recognition as an heir, nor that the lien granted the heirs in the judgment against his father be declared superior to that of plaintiff. He contents himself by asking that plaintiff's demands be rejected.

To this, plaintiff bank interposed an exception of no cause of action, which was overruled. As plaintiff does not appeal, we are not required to review this ruling.

Plaintiff answered the intervention, denying that prescription had run against the mortgage note; denying that intervener has any interest as heir until succession and community debts are paid, or any other interest to be protected which would justify the intervention. There was judgment dismissing the intervention.

On the merits, there was judgment for plaintiff as prayed for. Both defendant and intervener appealed.

### Exception to the Citation.

Taking up the exceptions and pleas in their order, we will first consider the exception to the citation. It is drawn in the English language. The objection that in the title and number of the case and the number of the judicial district the figures used are of Arabic origin, and therefore not in English, is not serious. Neither is the objection that the word "cited" is used instead of "summoned." We find all of the objections to the citation of a similar character, and so lacking in merit that it is sufficient to say that the requirements of article 179 of the Code of Practice are complied with, and that the exception was properly overruled.

### Exception of Vagueness.

Defendant's next exception is one apparently of vagueness, as it complains that the petition does not contain a clear concise statement of the object of the demand. The eight itemized objections might properly be the basis for a motion for a bill of particulars or a prayer for oyer. They are not pertinent to an exception of vagueness. The exception as written is expressly aimed at the object of the demand; not its subject. As the prayer of the petition is for a money judgment with recognition of mortgage and lien, its object is clearly and concisely stated. The lower court did not err in overruling this exception.

### Objection to Copy of Petition.

The next of defendant's exceptions is directed at the copy of the petition served on defendant. The copy filed in evidence, though

**53**

admitted to be that served on defendant, is so disfigured and obscured by underscorings, notations, interlineations, and additions in longhand, shorthand, in pencil, and in ink, that we do not feel called upon to say more than that it appears, minus these additions, to be a correct copy of the petition. It is duly attested as such by the clerk. The indorsement of filing on the original petition is not a part of it, and need not appear on the copy.

### Exception of no Cause of Action.

Defendant's next exception is one of no cause or right of action. An examination of defendant's brief indicates that, to support this exception, he relies upon the claim that the petition states conclusions of law only, and not facts.

The petition alleges the indebtedness and the amount thereof; the execution of the two notes sued upon; that they are due and unpaid; amicable demand; and the execution of the mortgage, its terms, and its attachment as a part of the petition. We find the mortgage is attached as alleged. The notes are not attached. A prayer for oyer would have secured their production. The prayer of the petition is appropriate. We find sufficient facts alleged to show both a right and cause of action, and to justify the judgment of the lower court overruling this exception.

### Plea of Prescription.

Defendant then pleads prescription of one, three, five, and ten years to plaintiff's action, and in bar of same. We know of no prescription or peremption to an action on a note. The note itself, or mortgage securing it, may be prescribed, and, if pleaded, may constitute a defense that will prevent recovery. The plea here is aimed neither at the note nor at the mortgage, but at the action itself, and in bar thereof. The plea of prescription was correctly overruled.

Finally defendant filed an answer in the form of a general denial.

### On the Merits.

L. D. Wardlow, president of plaintiff bank, who, as notary, passed the mortgage and paraphed the $1,000 note in 1918, identified the signatures to both notes, and testified that the credits shown on the back are correct; were signed by C. W. Calhoun for the purposes expressed in the presence of witness. Other credits shown were paid and credited on the note by Wardlow with the full consent and knowledge of Calhoun.

The note, by indorsement on its back, shows interest payments in 1920, 1921, 1923, 1924, 1925, 1926, 1927, 1928, 1929, 1930, and 1931; also the following acknowledgments:

"The within note is just and due and I make this endorsement for the purpose of renewing same this December 1, 1925.
"[Signed] C. W. Calhoun."

"I owe the Bank of Montgomery, La., the within note for the full face value of One Thousand Dollars and same is just and unpaid and I make this endorsement this October 31, 1921, for the purpose of renewing same.
"[Signed] C. W. Calhoun."

"The within attached note is just, due and unpaid and I make this endorsement for the purpose of renewing same. This Dec. 4, 1931.
"[Signed] C. W. Calhoun."

Defendant contends that the notes cannot be considered by us because they bear no filing mark. The transcript shows they were actually offered and filed in evidence, marked plaintiff's A and B. The notes are so marked. Being clearly offered and filed, and clearly identified as the notes so filed, the mere failure of the clerk to mark them "filed" does not prevent their consideration as evidence in the case.

The right of C. Daun Calhoun to intervene is contested. His right as an heir under the pleadings is extremely doubtful; but he also appears as a lien creditor of C. W. Calhoun.

The Code of Practice provides, in articles 389 and 390:

"An intervention or interpleader is a demand by which a third person requires to be permitted to become a party in a suit between other persons; by joining the plaintiff in claiming the same thing, or something connected with it, or by uniting with the defendant in resisting the claims of the plaintiff, or, where his interest requires it, by opposing both."

"In order to be entitled to intervene, it is enough to have an interest in the success of either of the parties to the suit, or an interest opposed to both."

Clearly, C. Daun Calhoun, owning a one-seventh interest in a judgment granting him a lien upon the property covered by the mortgage, defendant being insolvent, has an interest in defeating the mortgage, and such an interest that entitles him to intervene and espouse the cause of defendant.

For the intervener, the relationship and death of Odelia McManus Calhoun is duly proved as alleged. The record in the case of Charles Daun Calhoun and six other heirs of Odelia McManus Calhoun and Charles W. Calhoun shows that upon his confession they obtained judgment against their father in the sum of $1,800 for the return of paraphernal funds of their mother. This judgment, signed May 5, 1932, grants a lien upon all property of Charles W. Calhoun from January 5, 1921. It does not appear to have been recorded. The mortgage securing the note sued on was recorded June 18, 1918, and reinscribed December 30, 1927.

54

The only serious question raised by intervener is that of prescription pleaded against the note. None is pleaded against the mortgage securing it. The note, dated June 17, 1918, is saved from prescription as to C. W. Calhoun at least by the interest payments and acknowledgments indorsed upon its back, as shown above. The note is the note of C. W. Calhoun. It was given during the existence of the community, and presumably is a community debt.

Article 2403 of the Civil Code: "In the same manner, the debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, whilst the debts of both husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects."

As to his personal obligation, C. W. Calhoun had the undoubted right to interrupt the prescription. He is liable for the whole amount of the note upon the death of his wife. The heirs in any event are only personally liable for half. The note, then, being a valid obligation of C. W. Calhoun, the mortgage securing it not being prescribed or attacked, the property covered by the mortgage is liable for the debt independently of any liability of the heirs of Mrs. Odelia Calhoun upon the note. The mortgage was given to secure the whole debt, not the indebtedness of any particular debtor. It was valid when given; its validity is not questioned now. We therefore fail to see how any prescription as to the personal liability of the heirs on the note can affect the liability of the property covered by the mortgage given to secure the note.

We, for the reasons assigned, find the judgment of the lower court to be correct; and it is accordingly affirmed.